STARNES v. BENDER.

Opinion delivered January 31, 1927.

ATTACHMENT—DAMAGES ON FORTHCOMING BOND.—Where a forth-
coming bond, given on attachment of casing cemented in an oil
well, was issued under Crawford & Moses' Dig., § 514, plaintiff's
damages recoverable from the sureties on such bond for their
failure to deliver the casing at the county seat, when the attach-
ment was sustained, was the value of the number of feet of cas-
ing which could be removed from the well, and not the amount
stated in the bond as the value of the casing.

Appeal from Nevada Circuit Court; *James H.
McCollum,* Judge; modified.

*McRae & Tompkins* and *H. E. Rouse,* for appellant.

*Gaughan & Sifford* and *Haynie, Parks & Westfall,*
for appellee.

HUMPHREYS, J. This is an appeal from a judgment
rendered by the circuit court of Nevada County upon a
forthcoming bond in an attachment proceeding in said
court, wherein appellee was plaintiff and Ingram Grayson
*et al.* were defendants. The writ of attachment was levied
upon 860 feet 8½-inch 29-pound casing cemented in an oil
well located in Union Township, in said county. Appel-
lants then executed a forthcoming bond under § 514 of
Crawford & Moses' Digest. When the attachment was sus-
tained, appellants, sureties upon the forthcoming bond,
tendered to the sheriff, in performance of the judgment of
the court, all the casing in exactly the same condition and
in the same place that it was at the time it was levied upon
by said officer. The officer declined to accept the casing
in satisfaction of the judgment unless delivered to him
at the county seat, whereupon the court rendered a sum-
mary judgment against the sureties, appellants here, for
$860, to be recovered if the casing was not forthcoming,
from which is this appeal.

The sheriff did not have an appraisement made of the
casing before taking the forthcoming bond, but based
the amount of the bond upon the cost of the casing per
lineal foot. The undisputed testimony in the case

revealed that only one hundred feet of the casing could have been recovered by the sheriff, had he attempted to pull same out of the well at the time he made the levy, and that no more than one hundred feet could have been recovered by the appellants, or any one else, in attempting to pull same. The casing was cemented in the well, and could not have been moved without the use of nitroglycerine, a very powerful explosive, the use of which would have destroyed most of the casing. The highest price placed upon the casing, if lying out of the well on the ground, was $1.25 per foot.

The court was correct in ruling that the condition of the bond had been broken on account of a failure to deliver 100 feet of casing to the officer at the county seat; it erred in assessing $860 for the breach thereof. The damage sustained by appellee was the value of the number of feet recoverable, which, according to the highest estimate, was worth $125.

The judgment will therefore be modified by reducing same to $125, and, as modified, is affirmed.